IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

NORMA SHEPPARD                      )
                                    )
            Plaintiff,              )
                                    )
      v.                            )     CASE NO. 2:11-cv-854-TFM
                                    )              (WO)
MICHAEL ASTRUE,                     )
Commissioner of Social Security,    )
                                    )
            Defendant.              )

## MEMORANDUM  OPINION

### I. Introduction

Plaintiff Norma Sheppard ("Sheppard") applied for supplemental security income

benefits pursuant to Title XVI, 42 U.S.C. § 1381 *et seq.*, alleging that she is unable to work

because of a disability.  Her application was denied at the initial administrative level.  The

plaintiff then requested and received a hearing before an Administrative Law Judge ("ALJ").

Following the hearing, the ALJ concluded that the plaintiff was not under a "disability" as

defined in the Social Security Act.  The ALJ, therefore, denied the plaintiff's claim for

benefits.  The Appeals Council rejected a subsequent request for review.  Consequently, the

ALJ's decision became the final decision of the Commissioner of Social Security

(Commissioner).[1]  *See  Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).  Pursuant to

28 U.S.C. § 636(c), the parties have consented to entry of final judgment by the United

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub.L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

States Magistrate Judge.  The case is now before the court for review pursuant to 42 U.S.C. §§ 405 (g) and 1631(c)(3).   Based on the court's review of the record in this case and the parties' briefs, the court concludes that the Commissioner's decision should be affirmed.

## II.  Standard of Review

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . .

To make this determination,[2] the Commissioner employs a five-step, sequential evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920.

(1)  Is the person presently unemployed?
(2)  Is the person's impairment severe?
(3)  Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?
(4)  Is the person unable to perform his or her former occupation?
(5)  Is the person unable to perform any other work within the economy?

An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability.  A negative answer to any question, other than step three, leads to a determination of "not disabled."

---

[2]  A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The standard of review of the Commissioner's decision is a limited one.  This court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997).  "Substantial evidence is more than a scintilla, but less than a preponderance.  It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  A reviewing court may not look only to those parts of the record which supports the decision of the ALJ but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

## III.  The Issues

**A.  Introduction.**  Sheppard was 49 years old at the time of the hearing and has completed the eleventh grade.  (R. 197.)  She has prior work experience as an orchid transplanter and agricultural packer.  (R. 199, 217.)  Sheppard alleges that she became

---

[3]  *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986) is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits.  Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See e.g. Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981) (Unit A).

disabled on June 11, 2009, from pain in her lower back which radiates down both legs, as well as knee pain and stomach problems. (R. 102, 202, 206.) After the hearing, the ALJ found that Sheppard suffers from severe impairments of obesity with mechanical pain in the knees, with damaged lateral tibia plateau; mechanical pain, related to obesity in the lower back, legs; hypertension; and history of gastritis. (R. 18.) The ALJ found that Sheppard is unable to perform her past relevant work, but that she retains the residual functional capacity to perform sedentary work with limitations. (R. 19-25.) Testimony from a vocational expert led the ALJ to conclude that a significant number of jobs exist in the national economy that Sheppard could perform, including work as a telephone order clerk, information clerk, and document preparer. (R. 26.) Accordingly, the ALJ concluded that Sheppard is not disabled. (*Id.*)

   **B. The Plaintiff's Claims.** As stated in the Complaint, Sheppard presents the following issues for review:

   (1)   The ALJ improperly attempted to grant substantial weight to medical opinions expressed by Dr. Puttu which do not support his medical finding.

   (2)   The ALJ failed to discuss or consider the side effects from the claimant's medications on her ability to work.

(Doc. No. 10, p. 3.)

## IV. Discussion

**A.   An Acceptable Medical Source.**   Sheppard asserts that the ALJ erred in according substantial weight to Dr. Sumathi Puttu's opinion that she "has multiple problems, some of them have evaluated well on regular treatment, needs to lose weight, and physical therapy will help her back and knee pain" when determining that she has the residual functional capacity to perform sedentary work.  (Doc. No. 10, p. 3.)  Specifically, Sheppard argues that the finding of Dr. Puttu, a consultative physician, is not a medical opinion which may be assigned substantial weight in accordance with SSR 96-2, 1996 WL 374188.  The purpose of SSR 96-2p is "[t]o explain terms used in [the] regulations on evaluating medical opinions concerning when treating source medical opinions are entitled to controlling weight."  Thus, the Ruling applies to the opinions of treating sources.  Dr. Puttu, however, is a consultative examiner and not a treating physician.  (R. 150-154.)  Therefore, SSR 96-2 is not applicable to Dr. Puttu's opinion.

Nonetheless, the Regulations provide that the opinions of consultative examiners, such as Dr. Puttu's opinion, are acceptable medical source opinions.  See 20 C.F.R. §§ 416.902 (The definition of acceptable medical source as used in § 416.913(a) "includes treating sources, nontreating sources, and nonexamining sources."); 416.913(a) (acceptable medical sources, including licensed physicians, can provide evidence to establish an impairment); 416.927(d) (ALJ should evaluate medical opinions using factors set forth in 416.927, including whether the opinion is consistent with the rest of the medical evidence

and supported by the record as a whole).  This court therefore concludes that Sheppard's

argument that Dr. Puttu's opinion is not a medical source opinion is without merit.

To the extent Sheppard argues that Dr. Puttu's opinion should not be considered

because the consultative physician did not provide an express statement of her functional

limitations, Sheppard's argument is likewise unavailing.  "[T]he law of this Circuit does not

require an RFC from a physician."  *Langley v. Astrue,* 777 F.Supp.2d 1250, 1257-58 (N.D.

Ala. 2011).  To do otherwise "attempt[s] to place the burden of proving the claimant's RFC

on the Commissioner at step five" and this shifting of the burden is "inconsistent with the

Commissioner's regulations, Supreme Court precedent and unpublished decisions in this

Circuit." *Id.* at 1258-60. (Citations omitted.).  While an ALJ should review all of the medical

evidence and may consider opinions from acceptable medical sources when determining the

RFC, the final responsibility for deciding those issues is reserved to the Commissioner. *See*

*Raymond v. Astrue*, No. 5:09cv170-OC-GRJ, 2010 WL 3893704, *6 (M.D. Fla. Sept. 29,

2010).  *See also* 20 C.F.R. §§ 416.927(d)(2).  This court therefore concludes that Sheppard

is entitled to no relief with respect to this claim.


**B.  The Pain Standard.**  Sheppard also argues that the ALJ failed to consider

Sheppard's pain as a non-exertional impairment.  "Subjective pain testimony supported by

objective medical evidence of a condition that can reasonably be expected to produce the

symptoms of which the plaintiff complains is *itself* sufficient to sustain a finding of

disability." *Hale v. Bowen*, 831 F.2d 1007 (11th Cir. 1987).  The Eleventh Circuit has established a three-part test that applies when a claimant attempts to establish disability through his own testimony of pain or other subjective symptoms. *Landry v. Heckler,* 782 F.2d 1551, 1553 (11th Cir. 1986); *see also Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991).  This standard requires evidence of an underlying medical condition *and either* (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition *or* (2) an objectively determined medical condition of such severity that it can reasonably be expected to give rise to the alleged pain. *Landry,* 782 F. 2d at 1553.  In this circuit, the law is clear.  The Commissioner must consider a claimant's subjective testimony of pain if he finds evidence of an underlying medical condition and the objectively determined medical condition is of a severity that can reasonably be expected to give rise to the alleged pain. *Mason v. Bowen*, 791 F.2d 1460, 1462 (11th Cir. 1986); *Landry*, 782 F.2d at 1553.  Thus, if the Commissioner fails to articulate reasons for refusing to credit a claimant's subjective pain testimony, the Commissioner has accepted the testimony as true as a matter of law.  This standard requires that the articulated reasons must be supported by substantial reasons.  If there is no such support then the testimony must be accepted as true. *Hale*, 831 F.2d at 1012.

In this case, the ALJ applied the three-part pain standard when discussing Sheppard's complaints of pain.   Specifically, the ALJ found:

> With regard to mechanical pain in knees and lower back, and legs the claimant
> testified that she has pain in the lower back, both knees, and down the left

knee.  She rated her lower back pain at an 8, left knee pain at a 8, right knee pain at an 8 ½ - 10 and legs at an 8 since 2009.  She said that the worse problem is her back and knees and standing for a long time due to pain.  The evidence of record shows limited treatment with Dr. Jones for bilateral knee pain, legs, hands, and back.  (Exhibit B-7F).  She had only one emergency room visit in August 2010 for right ankle, leg, knee, and thigh pain (Exhibit B-8F).  At the evaluation with Dr. Puttu in August 2009 the claimant reported low back pain that radiates to the posterior leg (Exhibit B-5F).  She rated her pain at an 8 in her lower back and a 9 in her knees.  She stated that the pain is worse with weight bearing, walking, and going down stairs.  Dr. Puttu diagnosed lower back pain and knee and joint pain.

The undersigned finds this impairment to be non-disabling, as the claimant had very limited treatment (See Exhibit B-7F).  When seen by Dr. Puttu, she reported that medication relieved her pain.  Also, the claimant does not participate in physical or other rehabilitative services for pain, has not been referred for pain management evaluation and has not been prescribed extensive narcotic medications for pain.  Furthermore, she has not required any recent emergency room visits, hospitalizations, unscheduled doctor's visits on a continuing basis, or referral to a specialist.

The undersigned noted that the claimant has used a cane since June 2009, but the cane was not prescribed.  There is nothing in the record to support her allegation for the use of a cane.  Also, the undersigned notes that in Exhibit B-7F the claimant was diagnosed with hand pain and/or numbness but there is no medically determinable impairment for her alleged hand pain.

As for the opinion evidence, the undersigned gives substantial weight to Dr. Puttu who indicated that the claimant has multiple problems, some of them have evaluated well on regular treatment, needs to lose weight, and physical therapy will help her back pain and knee pain (Exhibit B-5F).  His opinion is supported by his own clinical examination and testing as discussed above.

. . . In addition, the record is void of neurological deficits, muscle atrophy, or weight loss, generally associated with protracted severe pain, nor is there any evidence of renal damage, cerebrovascular accident(s), generally associated with prolonged uncontrolled hypertension.

Although some of the claimant's impairments could be expect[ed] to produce pain, the undersigned finds that such appears to be mild to moderate, and such

limitations have been factored in the Finding of Fact Number 4.

(R. 24-25.)

The ALJ considered Sheppard's testimony and discussed the medical evidence. The ALJ acknowledged that Sheppard's impairments could be expected to produce some pain, but not to the severity as alleged. Where an ALJ decides not to credit a claimant's testimony, the ALJ must articulate specific and adequate reasons for doing so, or the record must be obvious as to the credibility finding. *Foote v. Chater*, 67 F.3d 1553, 1561-62 (11th Cir. 1995); *Jones v. Dept. of Health & Human Servs.*, 941 F.2d 1529, 1532 (11th Cir. 1991) (articulated reasons must be based on substantial evidence). If proof of disability is based on subjective evidence and a credibility determination is, therefore, critical to the decision, "'the ALJ must either explicitly discredit such testimony or the implication must be so clear as to amount to a specific credibility finding.'" *Foote*, 67 F.3d at 1562, *quoting Tieniber*, 720 F.2d at 1255 (although no explicit finding as to credibility is required, the implication must be obvious to the reviewing court). The ALJ has discretion to discredit a plaintiff's subjective complaints as long as he provides "explicit and adequate reasons for his decision." *Holt,* 921 F.2d at 1223. Relying on the treatment records, objective evidence, and Sheppard's own testimony, the ALJ concluded that her allegations regarding her pain were not credible to the extent alleged and discounted that testimony. After a careful review of the ALJ's analysis, the court concludes that the ALJ properly discounted the plaintiff's testimony and substantial evidence supports the ALJ's credibility determination.

The evidentiary materials support the ALJ's conclusion that, while Sheppard's knee, back, hand, and joint pain could reasonably be expected to produce pain, her impairments are not so severe as to give rise to disabling pain. The medical records indicate that Sheppard sought limited treatment for her impairments. On February 27, 2009, Sheppard presented to Dr. Bruce Jones, a family practitioner, complaining of a sore throat and ear pain, as well as bilateral knee pain. (R. 175.) Dr. Jones found no swelling or redness in the knees, no laxity, and that she had increased pain with full range of motion. (*Id*.) He assessed an upper respiratory infection, hypertension, mild obesity, and knee pain. (*Id*.) On July 1, 2009, Sheppard returned to Dr. Jones with complaints of increased abdominal pain and bilateral knee pain. (R. 173.) Dr. Jones noted full range of motion of both knees and no increased pain or swelling. (*Id*.) Dr. Jones assessed mild obesity, knee pain, hypertension, and gastritis, advised that Sheppard have "no grease", prescribed medication, including Flexeril, and recommended that Sheppard return for a follow-up appointment in two months. (R. 174.) On January 8, 2010, Sheppard returned to Dr. Jones complaining of lower back and side pain over the past week. (R. 171.) Dr. Jones found that Sheppard was very obese and that she suffered pain in her lower back upon palpation. (*Id*.) Dr. Jones' diagnostic assessment was urinary tract infection, hypertension, and mild obesity. (*Id*.) On February 19, 2010, Sheppard returned to Dr. Jones requesting a disability evaluation and complaining of pain in her lower back, legs, and hands. (R. 170.) Dr. Jones noted that Sheppard's hands were tender and that her lower back pain increased upon palpation. (*Id*.)

10

On August 15, 2010, Sheppard presented to the Vaughan Regional Medical Center complaining of right ankle, leg, knee, and thigh pain which began five years earlier.  (R. 178.)  The emergency physician noted that the severity of the pain was mild and was exacerbated by walking or movement and that Sheppard had "painful ROM with no signs of a vascular problem."  (R. 179.)  Sheppard was assessed as suffering from right leg pain, prescribed Ultram and Neurontin, and sent home.  (*Id.*)

The medical records also demonstrate that there is no recommendation for a pain management evaluation from any medical source and that she has not been prescribed extensive narcotic medications for pain.  Furthermore, there is no record of any hospitalizations, frequent doctor's visits, or referrals to a specialist.

After a careful review of the record, the court concludes that the ALJ's reasons for discrediting Sheppard's testimony regarding the extent of her pain were both clearly articulated and supported by substantial evidence.  In addition, the court concludes that the ALJ properly applied the appropriate three-part pain standard when determining Sheppard's pain is not as severe as alleged. This court must accept the factual findings of the Commissioner if they are supported by substantial evidence and based upon the proper legal standards.  *Bridges v. Bowen*, 815 F.2d 622 (11th Cir. 1987).

**C.  Side Effects of Medication**.  To the extent Sheppard asserts that the ALJ failed to properly consider the effects her prescribed medications have on her ability to work, she

is entitled to no relief.  The ALJ must consider the side effects of Sheppard's medication where their existence is supported by substantial evidence.  *See Swindle v. Sullivan*, 914 F.2d 222, 226 (11th Cir. 1990).  During the hearing, Sheppard testified that her medication causes drowsiness.  (R. 205.)  The medical records indicate that Sheppard complained about the side effects of medication on two isolated occasions.  First, on September 4, 2009, Sheppard went to the Maplesville Clinic complaining of itching and swelling.  (R. 182)  The physician's assessment was that Sheppard was suffering a reaction to Bactrim, an antibiotic, and discontinued her prescription. The record indicates that Sheppard did not take Bactrim on a routine basis for the treatment of any of her impairments. Consequently, Sheppard's reaction to Bactrim is not substantial evidence of the existence of side effects which would effect her ability to work on a regular basis.  During the August 6, 2009 consultative examination, Sheppard reported to Dr. Puttu that she suffers from epigastric pain which is "brought on by spicy foods and pain medication."  (R. 150.)  Dr. Puttu noted that the severity of Sheppard's abdominal pain was moderate.  (*Id*.)  Nothing in the record, however, indicates that Sheppard complained of the side effects of her pain medication to any treating physician.  Given the lack of medical records indicating that Sheppard's medication caused any debilitating side effects, the court concludes that the ALJ's determination is supported by substantial evidence.

## V. Conclusion

The court has carefully and independently reviewed the record and concludes that

substantial evidence supports the ALJ's conclusion that plaintiff is not disabled.  Thus, the

court concludes that the decision of the Commissioner is supported by substantial evidence

and is due to be affirmed.

A separate order will be entered.

DONE this 11th day of May, 2012.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE